UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:13-CR-0049-GFVT-HAI-1 |
| ) | |
| V. ) | |
| ) | |
| BRUCE MITCHELL, ) | **ORDER** |
| ) | |
| ) | |
| Defendant. | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition ("R&R") [R. 362] filed in the Record by United States Magistrate Judge Hanly A. Ingram on February 23, 2017. The Magistrate's Recommended Disposition was requested following the revocation of Bruce Mitchell's supervised release and the issuance of a warrant by this Court. [R. 353.] Initially, a judgment was entered against Bruce Mitchell in December 2014. [R. 320.] Defendant Mitchell was sentenced to forty-eight (48) months of imprisonment and three years of supervised release for participating in a conspiracy to manufacture methamphetamine after pleading guilty to violating 21 U.S.C. §§ 841(a) and 846. [R. 320.] Defendant Mitchell began his term of supervised release on July 12, 2016. [R. 362 at 2.] Mr. Mitchell's supervised release was revoked following a violation of three supervised release conditions due to a urine sample testing positive for cocaine and violation of a federal, state, or local law for possession of a Schedule II controlled substance. [R. 362 at 2.] These initial violations were reported by the USPO due to the Defendant's January 13, 2017, urinalysis test results. [*Id.*] Upon oral motion by the

Government, Violation #3 was dismissed at the Defendant's initial appearance. [*Id.* referencing R. 359.]

Defendant Mitchel was charged with two additional violations of his supervised release terms in an Addendum to the Supervised Release Violation Report. [R. 362 at 3.] Defendant Mitchell tested positive for cocaine a second time after submitting to a urinalysis drug test at the USPO on January 30, 2017. [*Id.*] The Addendum charges Mr. Mitchell with Violation #4 for the positive test result and Violation #5 which states that the Defendant should not "commit another federal, state, or local crime." [*Id.*] Violation #5 was charged because the Sixth Circuit has determined that "use of a controlled substance includes possession" and since cocaine is a Schedule II controlled substance, possession is a federal crime. [R. 362 at 2.]

On February 14, 2017, Judge Ingram conducted an initial appearance and preliminary hearing. [R. 362 at 3.] At this proceeding "[d]efendant conceded probable cause regarding Violations #1, 2, 4, and 5." [*Id.*] The Defendant was remanded to custody after failing to overcome the heavy defense burden of 18 U.S.C. § 3143(a). [*Id.*] At the February 22, 2017, final hearing Defendant "competently entered a knowing, voluntary, and intelligent stipulation to Violations 1, 2, 4, and 5." [*Id.* at 3.] The Magistrate Judge considered the § 3553 factors using the § 3583(e) analysis and found that the guidelines range for the Defendant's supervised release violations is four (4) to ten (10) months incarceration. [*Id*. at 5.] The United States requested four months imprisonment to be followed by "two months at a halfway house, followed by supervised release to expire on July 11, 2019." [*Id*.] The Government's request does not extend the Defendant's supervised release term. Defense Counsel "loosely agreed with the government's recommendation and said he had no objection to it" but did request intermittent incarceration so that the Defendant could remain employed. [*Id.* at 5.]

2

The Government does note that Defendant Mitchell has a criminal history score of zero. The underlying criminal conduct was associated with production of methamphetamines but "there was nothing especially aggravating about it compared to similar defendants." [R. 362 at 5.] This Court agrees with the Government's reasoning that, were there only one positive test for cocaine, further incarceration may not be necessary. But, here, Mr. Mitchell lied to the Probation Officer about using drugs after the initial positive test for cocaine. The Defendant tested positive for additional cocaine use less than two weeks after being confronted by the USPO about the initial results. [*See* R. 362 at 5-6.] The Magistrate Judge's opinion reiterates that revocation is mandated by Congress. Defendant Mitchell has shown efforts to overcome his drug problems by completing the RDAP program in prison, which is admirable, but more work is necessary to prevent future illicit drug use.

This Court and the Magistrate must consider the Defendant's history and characteristics, and the need to deter criminal conduct and protect the public when imposing a sentence. The Defendant has been employed in a "good job," has an opportunity for future employment following this brief period of incarceration, and Mr. Mitchell's criminal history is insignificant. [R. 362 at 5.] But, Mr. Mitchell lied to the Probation Officer when asked about his cocaine use and he continued to engage in drug use that resulted in a second positive urinalysis test. [R. 362 at 5-6.] The "primary wrong in the supervised release context is the violation of the Court's trust by an offender." [*Id.* at 7.] The Magistrate Judge noted that Mr. Mitchell has once again been caught with illegal drugs, the Defendant's underlying conviction is based on similar drug related charges, and the Defendant has already completed the RDAP which should have provided tools and means to avoid drug use. [*Id.* 5-7] The Court agrees with the Magistrate Judge and implores Defendant Mitchell to use this additional period of incarceration to consider the techniques

3

learned in the RDAP program and to realize that future violations of his supervised release terms will result in increasingly serious penalties.

Upon evaluation of the entire record, the Report, the § 3553 factors imported into the section 3583(e) analysis, the Guidelines range, accompanying documents, and the sentencing materials, Magistrate Judge Ingram issued an R&R recommending revocation with a term of imprisonment of four (4) months, followed by two months in a halfway house, and a term of supervised release for the remainder of Defendant's original three-year term. [R. 362 at 8.] Following incarceration, Defendant Mitchell's supervised release will be governed by the conditions previously imposed at Docket Entry 320 and this term of supervised release shall expire on July 11, 2019.

The R&R concludes by directing the parties to the relevant statute that requires any objections to be filed within fourteen (14) days of service. [*Id.* at 8.] On March 8, 2017, Counsel for Defendant Mitchell filed a Waiver of Allocation. [R. 366.] Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, received the Defendant's waiver of allocution, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The violations reported in the Addendum to the Supervised Release Violation Report were properly considered by the Magistrate at the final revocation hearing following the general referral made in this Court's Summons and Revocation Order. The Court's referral to Magistrate Judge Ingram [R. 353] is hereby amended, *nunc pro tunc*, to include referral of Violation #4 and Violation #5 from Supervised Release Violation Report Addendum; and

2. The Magistrate's Recommended Disposition [**R. 362**] as to Bruce Mitchell is **ADOPTED** as and for the Opinion of the Court; and

3. The Defendant, Bruce Mitchell, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office, the Addendum to the Supervised Release Violation Report, and the Recommended Disposition of the Magistrate Judge; and

4. Mr. Mitchell's Supervised Release is **REVOKED**; and

5. Mr. Mitchell is hereby sentenced to a term of incarceration for **four (4) months** to be followed by **two (2)** months in a halfway house, and the remainder of his original three-year term of supervised release to expire on July 11, 2019; and

6. The term of supervised release shall be imposed under the same conditions previously imposed at Docket Entry 320.

This the 16th day of March, 2017.

Gregory F. Van Tatenhove
United States District Judge

6